UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OLEG STUPCHENKO,

    Plaintiff,

v.                                             Case No. 3:22cv3352-MCR-HTC

ESCAMBIA COUNTY JAIL,
ESCAMBIA COUNTY COMMISSIONERS OFFICE,
ESCAMBIA COUNTY SHERIFFS OFFICE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, Oleg Stupchenko, proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on various conditions of confinement at the Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons discussed below, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure

to comply with an order of the Court, and failure to keep the Court apprised of his current address.

On April 25, 2022, the Court granted Plaintiff leave to proceed *in forma pauperis* with prepayment of a $42.76 initial partial filing fee. ECF Doc. 7. The Court directed Plaintiff to pay the fee within twenty-one (21) days. *Id*. Shortly thereafter, the Court's Order was returned undeliverable indicating Plaintiff had been released. ECF Doc. 10. After locating Plaintiff on the Florida Department of Corrections website, the Clerk sent the Order to the Northwest Florida Reception Center ("NWFRC"). *Id*. That mail was not returned undeliverable.

The Court's April 25, 2022 Order advised Plaintiff that failure to pay the partial filing fee may result in a recommendation that this action be dismissed without further notice. ECF Doc. 7. Nonetheless, Plaintiff did not pay the fee. Thus, on May 24, 2022, the Court issued an Order requiring Plaintiff show cause why this case should not be dismissed for failure to prosecute or failure to comply with an order of the Court. ECF Doc. 12. Along with indicating Plaintiff had not paid the fee, the show cause Order also indicated Plaintiff had not filed a notice of change of address form despite the Court repeatedly ordering him to do so, ECF Docs. 2, 3. *Id*. The Court stated it would discharge the show cause order if Plaintiff paid the fee and filed a notice of change of address within fourteen (14) days. *Id*. That deadline has passed with no response from Plaintiff.

A district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure

or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of his current address.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of June, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.